Note.—The two following cases ought to have been reported in the 28th volume; so the last four cases in that volume properly belonged to this. But in transferring from one Reporter to another the records became mixed; and as part of the records of Judge Jones' district belonged to the Galveston session, the discrepancy of dates was overlooked.

To the professional reader, who looks only for principles decided, it will make no difference; but to the author, who has a pride in method, even so immaterial a circumstance is mortifying enough.

### John M. Crockett et al. v. C. G. Shaw.

Where the indorsers of a note set up a parol defense, which would, if proved, relieve them from liability, and the indorsee does not demur, but meets them on the proofs, and they break down, they have no cause to complain.

Error from Dallas. The case was tried before Hon. Nat. M. Burford, one of the district judges.

On the 21st of May, 1859, J. W. Latimer executed his note to John M. Crockett, due one day after date, for $200. Two months after its maturity, and after the death of Latimer, Crockett indorsed the note in blank, and under his name followed the names of the defendants, J. W. Smith, D. W. C. Smith, and M. L. Hoffman. The understanding was that the plaintiff was trading for it, and required the name of Hoffman before he would take the note. The death of Latimer was averred, and the defendants were sued as indorsers. (Paschal's Dig., Art., 1426, Note 535.) The defense set up was that, because the note was indorsed after maturity and after the death of the makers, the indorsers were not liable. They also plead

that the plaintiff agreed to look to the estate of Latimer alone for payment, and in no event to sue the indorsers. The plaintiff was interrogated, and answered, denying the truth of this plea. (Paschal's Dig., Arts. 3748 to 3750.) An effort was made to prove this parol agreement; but, in the opinion of the judge who tried the case, it failed, and the court gave judgment for the plaintiff, from which the defendants prosecuted error.

*John M. Crockett*, for the plaintiffs in error.

*Nicholson & Ferris*, for the defendants in error.

COKE, J.—We are of opinion that there is no error in the judgment of the court below. The sufficiency of the defense relied on, setting up a parol agreement contemporaneous and inconsistent with the written contract of indorsement, if it had been excepted to, might well have been questioned. The plaintiffs in error, however, were allowed an opportunity of proving it, and failed.

Judgment was properly rendered against them, and it is affirmed with damages for the delay.

AFFIRMED WITH DAMAGES.